## Swengel v. Dunkle et ux.

*Vendor and vendee—Interest—Use of farm.*

1. Where a contract of sale of real estate provides for the payment of interest upon the purchase money, it must be paid according to the terms of the contract.

2. Where the vendees in such a contract are unable to pay the balance of purchase money, and after two years possession and use of the land return it to the vendors, and thereafter pay the balance of the purchase money due and resume possession, they are liable for interest during the two years they had the use of the land.

Rule to show cause why judgment should not be opened. C. P. Union Co., Jan. T., 1922, No. 20.

*Cloyd Steininger*, for rule; *Harry M. Showalter*, contra.

POTTER, P. J., Jan. 8, 1923.—From the records in this case we gather, in substance, the following:

That on Sept. 6, 1919, the defendants purchased from the plaintiff a farm for the consideration of $6840, taking possession thereof on April 1, 1920. That because of the lack of financial means the defendants became in default in making the payments agreed upon, and on Oct. 6, 1921, judgment was entered up against them in the sums following:

Swengel *v.* Dunkle et ux.

| | |
|---|---:|
| Principal sum | $5800.60 |
| Interest to Oct. 6, 1921 | 377.04 |
| Attorney's commission | 308.88 |
| | |
| Total | $6486.52 |

That the sum of $1039.40 was paid on the original debt, thus leaving still due thereon the above sum of $5800.60.

That because of the fact that the defendants were unable to pay for this farm, at their request, the plaintiff agreed to take it back, which he did on April 1, 1922.

That during the time the said farm was owned and occupied by the said defendants, they took the profits and the income thereof to themselves. Since the farm has been returned to the plaintiff, no damage having been alleged by him as having been done to it by the defendants, the purchase price of the farm has been liquidated, and, so far as the principal debt is concerned, the plaintiff has nothing further to expect from the said defendants.

Therefore, the said judgment, so far as concerns the principal debt, must be satisfied.

The plaintiff, however, claims that he is at least entitled to interest on the sum of $5800.60 for the length of time the defendants were in possession of the farm.

The written agreement between the parties provides for the payment of interest at 5 per cent. per annum on "the unpaid balance," which was $5800.60.

During the time the defendants occupied the farm, which was from April 1, 1920, to April 1, 1922, a space of two years, they took to themselves the profits and income of the farm, for which they had not paid. They were using $5800.60 of the plaintiff's money and the farm, and it seems no more than fair and equitable that they should pay the plaintiff for the use of his money for the length of time they used it. The interest on this sum for two years amounts to $580.06.

Counsel for the plaintiff, at the time of the argument of this case, said they would be perfectly satisfied if the defendants paid the sum of $500 as the interest in full, as developed in this controversy, and this statement was again reiterated on Dec. 20, 1922. It is less than the interest due, and if the plaintiff is willing to accept less than the sum due, the defendants surely cannot object to paying what is less than the sum due.

When the purchaser defaults in payment, so that the vendor is compelled to sue to recover the same, an allowance of interest to the vendor on the amount recovered will ordinarily be made, particularly where the contract recites that the unpaid balance is to bear interest: 39 Cyc., 1975 and 1976.

Where a contract of sale expressly provides for the payment of interest upon the purchase money, it must be paid according to the terms of the contract: 39 Cyc., 1567.

We do not deem any further discussion of this question necessary. We think it is plain and sound law that these defendants ought to pay for the use of Swengel's money and farm. They got the income of the farm. He got nothing.

And now, to wit, Jan. 8, 1923, the rule is discharged. It is ordered that the defendants pay to the plaintiff the sum of $500 by way of interest, and that they pay the costs of these proceedings. Upon the payment of the said sum of $500 and the costs, it is ordered that the plaintiff satisfy the said judgment as entered of record against the defendants.

From Charles P. Ulrich, Selins Grove, Pa.